OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated January 4, 2011, containing five charges of professional misconduct. After a hearing, the Special Referee sustained all five charges. The Grievance Committee now moves for an order confirming the report of the Special Referee and imposing such discipline upon the respondent as the Court deems appropriate. The respondent opposes the Grievance Committee’s motion only as to the issue of mitigation and requests that the Court not issue any sanction greater than a public censure.
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary by withdrawing the funds from his attorney trust account for his personal use, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a).
The respondent maintained an attorney trust account at Wachovia Bank entitled “Law Offices of David A. Collins IOLA Trust Account” (No. xxxxxx625847) incident to his practice of law, wherein he deposited fiduciary funds. The respondent also maintained an operating account at Wachovia Bank entitled “Law Offices of David A. Collins” (No. xxxxxx625575).
In or about July 2009, the respondent represented James and Kim Mulcahy in connection with the sale of their Westwood, *259 New Jersey property to Michael McGregor and Annick Des Roches. At or about that time, the respondent also represented the Mulcahys in connection with their purchase of property located in Rye, New York.
The contract in connection with the Mulcahy sale was executed by the purchasers on or about June 7, 2009, and by the Mulcahys on or about June 18, 2009. Pursuant to the contract, the purchasers deposited a partial down payment with the respondent, as the sellers’ attorney, in the amount of $15,000, by check dated July 3, 2009. An additional check dated July 22, 2009, in the amount of $1,000, representing the balance of the down payment, was deposited with the respondent by Prudential Adamo Realty, Inc. As of August 4, 2009, the entire down payment of $16,000 had been deposited in the respondent’s attorney trust account.
On or about August 13, 2009, the respondent withdrew $1,500 from his attorney trust account, which constituted his legal fees for representing the Mulcahys in connection with their sale and purchase. At that time, the balance in the respondent’s attorney trust account consisted solely of the $16,000 down payment in connection with the Mulcahys’ sale.
On or about August 16, 2009, the Mulcahys “offered to lend” the respondent $4,000 so that he could “pay a contractor working on his office.” The respondent consented to accept the loan. To effectuate the transaction, the respondent withdrew $3,950 from his attorney trust account on or about August 17, 2009, by check No. 1002. The respondent failed to advise the Mulcahys, in writing, of the desirability of seeking the advice of independent legal counsel with respect to the loan and failed to obtain their informed consent, in writing, to the essential terms of the loan.
The respondent deposited his attorney trust account check No. 1002, in the amount of $3,950, into his business account on August 17, 2009. The respondent’s attorney trust account check No. 1002 was not related to any client matter.
On August 17, 2009, the date the respondent’s attorney trust account check No. 1002 was presented for payment and honored, the balance in the respondent’s attorney trust account was $14,500, comprised solely of the balance of the down payment in connection with the Mulcahys’ sale ($16,000 minus the previous withdrawal of $1,500).
On August 21, 2009, the respondent paid the Mulcahys $4,000 to satisfy the loan.
*260 The Mulcahys’ sale closed on August 24, 2009. Prior to that time, the respondent had not received authorization from the purchasers to disburse funds from the down payment in connection with the sale.
Charge two alleges that the respondent commingled personal funds with funds belonging to another person by depositing personal funds into his attorney trust account and using his attorney trust account to pay for personal expenses not related to client matters, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a) and (b).
In addition to the specifications of charge one, it is alleged that on or about August 21, 2009, the respondent received a check from MacFadden Dier Insurance Agency (hereinafter MacFadden Dier) in the amount of $4,000. The respondent deposited the $4,000 he received from MacFadden Dier into his attorney trust account. The $4,000 was not related to any client matter.
On or about August 24, 2009, the respondent issued operating account check No. 1004 in the amount of $1,450, payable to “Law Offices of David A. Collins IOLA Trust Account.” The respondent deposited the check into his attorney trust account. The $1,450 was not related to any client matter.
On or about August 28, 2009, the respondent received a check issued by the Law Offices of Sean Campbell, payable to “David Collins,” in the amount of $500. The respondent deposited the check into his attorney trust account. The check was not related to any client matter.
On or about August 30, 2009, the respondent issued attorney trust account check No. 1006, in the amount of $290, payable to “cash.” The respondent’s attorney trust account check No. 1006 was presented for payment on or about September 30, 2009. At or about that time, the respondent’s attorney trust account check No. 1006 was dishonored, inasmuch as the account had a balance of only $7.96. The respondent’s attorney trust account check No. 1006 was not related to any client matter.
On or about August 31, 2009, the respondent withdrew $500 in cash from his attorney trust account. The withdrawal was not related to any client matter.
On or about September 1, 2009, the respondent withdrew $500 in cash from his attorney trust account. The withdrawal was not related to any client matter.
On or about September 1, 2009, the respondent withdrew an additional $500 in cash from his attorney trust account. The withdrawal was not related to any client matter.
*261 On or about September 1, 2009, the respondent issued his attorney trust account check No. 1007 in the amount of $500, payable to “Old Town Hall Operating LLC.” The respondent’s attorney trust account check No. 1007 was not related to any client matter. It was presented for payment and honored on or about September 3, 2009.
On or about September 3, 2009, the respondent withdrew $500 in cash from his attorney trust account. The withdrawal was not related to any client matter.
On or about September 8, 2009, the respondent withdrew $700 in cash from his attorney trust account. The withdrawal was not related to any client matter.
On or about September 16, 2009, the respondent withdrew $300 in cash from his attorney trust account. The withdrawal was not related to any client matter.
Charge three alleges that the respondent issued a check from his attorney trust account made payable to cash and made cash withdrawals from his attorney trust account, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (e), based upon the specifications of charges one and two.
Charge four alleges that the respondent failed to make accurate entries of all financial transactions in a ledger or similar record at or near the time of the act, condition, or event recorded, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (d) (2).
Between July 16 and September 29, 2009, the respondent failed to make or maintain accurate entries of all financial transactions connected to his attorney trust account in a ledger or other similar record at or near the time of the transactions.
Charge five alleges that the respondent improperly entered into a business transaction with clients by failing to advise the clients, in writing, of the desirability of seeking the advice of independent legal counsel, and failing to obtain the clients’ written consent to the essential terms of the transaction, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.8 (a) (2) and (3), based upon the factual specifications of charge one.
In view of the respondent’s admissions and the evidence adduced at the hearing, charges one through five are sustained.
In determining an appropriate measure of discipline to impose, we have considered the respondent’s arguments that the misconduct herein occurred within a three-month period, *262 during which he was subjected to multiple stressors, including the fact that he was opening his first solo practice, that he was unfamiliar with anything but corporate practice, that he was initially operating out of his home while supervising construction of his office, and that the Mulcahys were his first clients. Moreover, the respondent had been away from the practice of law for three years. As a result, he avers that he “drifted from his normal methodology and succumbed to the stress and newness of his situation.” He was “flustered, uncertain and made mistakes — nothing more.” However, we note the Special Referee’s conclusions that the respondent’s conduct — which included misappropriation, commingling, issuing a trust account check to cash, failing to maintain accurate bookkeeping records and improperly entering into a business relationship with a client over a three-month period — was “intentional” and that the explanations he provided “lacked credulity.” Although the respondent asks that discipline be limited to a public censure, under the totality of the circumstances, he is suspended from the practice of law for a period of one year.
Eng, P.J., Mastro, Rivera, Dillon and Angiolillo, JJ., concur.
Ordered that the petitioner’s motion to confirm the report of the Special Referee is granted; and it is further,
Ordered that the respondent, David A. Collins, is suspended from the practice of law for a period of one year, commencing November 13, 2012, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 13, 2013. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, David A. Collins, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the *263 law or its application, or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, David A. Collins, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).